**Christopher J. Lewis, OSB #003079**
Email clewis@schwabe.com
**Devon Zastrow Newman, OSB #014627**
Email dnewman@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1600
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900
  *Attorneys for Plaintiffs McDavid*
  *Knee Guard, Inc. and Stirling*
  *Mouldings Limited*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MCDAVID KNEE GUARD, INC.,** an Illinois corporation, and **STIRLING MOULDINGS LIMITED,** an English corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**NIKE USA, INC.,** an Oregon corporation,<br><br>Defendant. | CASE NO._____<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DANIEL KIM TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION** |

This matter relates to Civil Action No. 08-CV-6584, pending in the Northern District of Illinois, Eastern Division, before Judge Suzanne B. Conlon and Magistrate Judge Mason. Plaintiffs, McDavid Knee Guard, Inc. ("McDavid") and Stirling Mouldings Limited ("Stirling"), move this Oregon Court for an Order requiring Daniel Kim, President and Owner of Finn Tech, Inc., an Oregon Corporation ("Finn Tech Oregon"), Finn Tech Taiwan, located in Taiwan, Finn Tech Holdings, Limited, located in Hong Kong, and Finn Tech Co., Limited, a Korean

Page 1 -   **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DANIEL KIM TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

corporation (collectively "Finn Tech"), to produce the documents in his custody, possession, or control, including documents in the custody, possession, or control of his business entities, and appear for a deposition as requested in the subpoenas served upon him at his residence in Portland and upon him personally. Plaintiffs request that Mr. Kim be required to produce documents and appear for a deposition within two weeks of the Court's order so that Plaintiffs may rely on information produced by Mr. Kim in their upcoming preliminary injunction reply brief.

## I. Background

Stirling is the owner of U.S. Patent 6,743,325 (the '325 patent), which is directed generally toward a method of manufacturing a flexible material, such as foam padding. McDavid is an exclusive licensee of the '325 patent and incorporates foam padding made pursuant to the invention of the '325 patent into foam padded protective garments, such as padded compression shorts for basketball and football. Defendant, Nike USA, Inc. ("Nike") imports and sells foam padded protective garments which incorporate foam padding made by the patented method in Finn Tech's factory in Taiwan.

Nike alleged that it had no personal knowledge of the process used by Finn Tech in its factory in Taiwan to make the foam padding. However, Nike did allege that Finn Tech in Taiwan was using a method disclosed in a patent application owned by Finn Tech Oregon which names Daniel Kim as the sole inventor. In an effort to confirm the process used by Finn Tech in Taiwan, Plaintiffs subpoenaed Daniel Kim, President of Finn Tech Oregon (Ex. 1, attached to the Declaration of Devon Zastrow Newman ("Newman Decl.")), which Plaintiffs believed and now know controls Finn Tech's factory in Taiwan, and subpoenaed Finn Tech Oregon. (Newman

Page 2 -   MEMORANDUM IN SUPPORT OF PLAINTIFFS'
           MOTION TO COMPEL DANIEL KIM TO PRODUCE
           DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1


Decl., Ex. 2). After multiple failed attempts, Daniel Kim's subpoena was served on his wife at their Portland residence. (Newman Decl., Ex. 3). A copy of the subpoena was also mailed to their residence. (Newman Decl., Ex. 4). Daniel Kim's counsel alleged that the service on Mr. Kim's wife at their abode was improper.

In response to its subpoena, Finn Tech Oregon produced some if its invoices for manufacturing padding in its Taiwan factory for Nike and an illustrated description and video of the alleged method that was being used by Finn Tech in Taiwan to make the Nike padding. Kim appeared as the designated person to testify for Finn Tech Oregon, but limited his appearance to be solely on behalf of Finn Tech Oregon and refused to appear on behalf of Finn Tech's factory in Taiwan, claiming it was a separate corporation. (Newman Decl., Ex. 5, Dep. of Daniel Kim, p. 38-39) However, he acknowledged during his deposition that his wife had shown him the subpoena directed to him (Ex. 5, p. 38), and that he personally had responsive documents to this subpoena. (Ex. 5, p. 41-8). He also admitted that his factory in Taiwan had responsive documents. *Id.* None of those documents were produced.

After the Finn Tech Oregon deposition concluded, Plaintiffs served a second subpoena personally on Daniel Kim as president and owner of Finn Tech Taiwan. (Newman Decl., Ex. 6). The attorneys for Daniel Kim objected to the second subpoena (Newman Decl., Ex. 7) and argue that Daniel Kim was immune from service because he was attending a legal proceeding while he was served, citing *Celanese Corp. v. Duplan Corp.*, 502 F.2d 188 (4th Cir. 1974). Daniel Kim has refused to appear personally or produce any of the documents requested in the second subpoena.

On June 15, 2009, Nike filed a claim construction brief. The brief included a declaration

Page 3 -  **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DANIEL KIM TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

made by Daniel Kim and signed on June 11, 2009 in Portland, Oregon, in which he described the process allegedly used by Finn Tech Taiwan to make padding for the Nike garments. In his declaration, Daniel Kim referred to numerous photos that were taken of the process prior to Plaintiffs' inspection of the Finn Tech Taiwan factory. Because this declaration was made after the Finn Tech deposition, Plaintiffs have not had the opportunity to depose Daniel Kim on the subject of the statements made in his declaration. Further, Plaintiffs have not had the opportunity to depose Mr. Kim regarding the process observed during their inspection of the Finn Tech Taiwan factory to verify that it is the process actually being used for mass production of Nike's products[1]. In addition, Plaintiffs have not had the opportunity to depose Mr. Kim on any documents relating to the process or processes used prior to the alleged process used currently by Finn Tech Taiwan. Thus, Plaintiffs should be allowed the opportunity to depose Mr. Kim on information he previously refused to produce as well as the newly discovered information.

Because Nike has refused to provide Plaintiffs with information on the accused method for making the foam padding for Nike, the only way for Plaintiffs to determine and verify what method or methods have been used or are being used by Finn Tech Taiwan to make the Nike pads is through disclosure by Daniel Kim and his business entity, Finn Tech Taiwan. Because the requested information is vital to Plaintiffs' case of patent infringement, Plaintiffs will be prejudiced if the requested documents are not produced and Plaintiffs are unable to depose Daniel Kim regarding the requested information. Thus, Plaintiffs request that the Court compel

---

[1] Plaintiffs have recently obtained Nike padded shorts that appear to be made using a different process than the one observed during their inspection of Finn Tech Taiwan and represented by Finn Tech to be the current production process.

Page 4 -   MEMORANDUM IN SUPPORT OF PLAINTIFFS'
         MOTION TO COMPEL DANIEL KIM TO PRODUCE
         DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

Daniel Kim to produce the requested documents and appear for a deposition.

## II.　Service of First Subpoena was Proper under F.R.C.P. 45

The service of the first subpoena on Daniel Kim's wife was proper under F.R.C.P. 45, because it "accomplished the goal of actual receipt of the subpoena" by Daniel Kim. *E.A. Renfroe & Co. v. Moran*, 2008 U.S. Dist. LEXIS 36513 at *16 (D. Colo. Apr. 17, 2008); *See also King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (holding in hand service not required by Rule 45 "so long as service is made in a manner that reasonably insures actual receipt by the subpoena by the witness."). In *Renfroe*, service of a subpoena requesting documents on a non-party individual's wife at their residence was held to be proper. 2008 U.S. Dist. LEXIS at *16. The facts of this case are virtually identical. Mr. Kim's wife was served with a subpoena and Mr. Kim received notice of the subpoena. Thus, service was effective under Rule 45.

## III.　Service of Second Subpoena was Proper Because Kim was not Immune from Service in this Action

The service of the second subpoena on Daniel Kim personally was proper, because he was not immune from service in this case. Immunity from service does not apply when the witness is served for the same action as the one for which he is present in the jurisdiction. *See* 4 *Wright & Miller*, Federal Practice and Procedure § 1080 at 511 ("There is generally no immunity from service of process when the suit in which immunity is sought is part of, or a continuation of, the suit for which the person claiming immunity is in the jurisdiction."). *See also U.S. Nat'l Bank of Oregon v. Great Republic Life Insurance Co.*, 54 F.R.D. 498 (D. Or. 1971) (holding that actions for which witness was testifying and action for which witness was served with process were so closely related that immunity did not apply). This is not a situation where a witness was

Page 5 -　MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DANIEL KIM TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

served with process in one suit while attending a deposition for another suit. *See Lamb v. Schmitt*, 285 U.S. 222, 225 (1932) (stating the general rule that a witness is immune from service of process while attending the proceedings of an unrelated suit). Rather, Daniel Kim was served with a subpoena for the same case for which he had just given testimony. Thus, Daniel Kim was not immune from service in this action when he attended the deposition on behalf of Finn Tech.

### IV. Other Objections to the Subpoenas are Unfounded

In correspondence and conversations, Mr. Kim's counsel chiefly objected to the service of the subpoenas. Because Plaintiffs believe that Mr. Kim's primary objection is to the service of the subpoenas, Plaintiffs' now respond briefly and summarily to other objections (Ex. 7) served on Plaintiffs for sake of brevity.

Plaintiffs wish to reserve the right to address Kim's voluminous specific objections to each individual document request at a later time, should Kim reassert them. Moreover, Kim has not indicated what, if any, documents might be produced under the requests despite his objections, making it difficult to meaningfully address them. Thus, for the sake of brevity, Plaintiffs refrain from addressing Kim's specific objections to the document requests at this time.

#### A. Plaintiffs Need not Comply with 28 U.S.C. §1783 or the Hague Convention because Kim was Served in this Country

Under Objection A of Kim's objections (Ex. 7, p.1), Kim contends that "Plaintiffs have failed to comply with 28 U.S.C. §1783 and the applicable provisions of the *Hague Convention on the Service abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*." §1783 states, *inter alia*, that "[a] court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it . . . of a national or resident of the United States *who is in a foreign country*, or requiring the production of a specified document or other thing by

Page 6 -   MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DANIEL KIM TO PRODUCE
DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

him. . ." (emphasis added). When Mr. Kim was served with the second subpoena, he was in the United States, and not a foreign country, as stated in §1783. Thus, Plaintiffs contend that the service of the second subpoena on Kim was proper and that §1783 does not apply.

### B. The Subpoena Does not Require Mr. Kim to Appear More Than 100 Miles from His Place of Residence or a Regular Place of Business and is not Unduly Burdensome

In Objection A (Ex. 7, p, 1-2), Kim further objects to the subpoena to the extent that it requires him to appear more than 100 miles from his place of residence and/or regular place of business or employment. He also objects that the subpoena requires him to travel from Korea to Portland, Oregon for a second time and be deposed multiple times, and is oppressive, unduly burdensome, and harassing. Mr. Kim is the President of Finn Tech, Inc., an Oregon Corporation. As shown in the State of Oregon's business registry, Finn Tech, Inc. has a principal place of business in Portland, Oregon. (Newman Decl., Ex. 8). The principal place of business for Finn Tech, Inc. is a dwelling where Daniel Kim's wife was served with the first subpoena directed to Mr. Kim. Thus, the subpoena requires Mr. Kim to appear less than ten miles from his place of residence and/or regular place of business or employment. Further, it would not be unduly burdensome for Mr. Kim to travel to Portland, Oregon for a deposition. He is president and owner of an Oregon corporation which is located in Portland. Further, Mr. Kim was recently in Portland, as evidenced by his declaration submitted with Nike's claim construction brief, which states that it was signed in Portland, Oregon. Thus, Plaintiffs contend that Mr. Kim's objections are overstated, and that it would not be unduly burdensome for him to appear for a deposition in Portland. Further, Mr. Kim's declaration was made under penalty of U.S. law. Therefore, Plaintiffs should be allowed to depose Mr. Kim with regard to the basis for the statements made

Page 7 -   MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DANIEL KIM TO PRODUCE
DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

in his declaration.

### C.　Plaintiffs Have Tendered Fees for Attendance and Mileage Under F.R.C.P. Rule 45 (b)(1) and Will Tender Additional Fees if Necessary

In Objection B (Ex. 7, p. 2), Kim objects to the subpoena and service thereof, because Plaintiffs have allegedly failed to tender the fees for attendance and mileage required under F.R.C.P. Rule 45 (b)(1). Plaintiffs did in fact tender a witness fee check in the amount of $44.04 along with the subpoena served upon Daniel Kim's wife on January 25, 2009. (Ex. 3). Plaintiffs will tender additional appropriate fees if required.

### D.　Any Confidential Documents Produced by Mr. Kim are Protected by a Protective Order Entered in this Case

With respect to Objection E (Ex. 7, p. 2-3), Plaintiffs note that a protective order is in place in the action, which protects any confidential information that Kim might produce.

### E. Producing Documents Located in Korea or Taiwan or at Finn Tech's Foreign Offices is not Unduly Burdensome

In Objection H (Ex. 7, p. 3-4), Mr. Kim objects to producing documents located in Korea or Taiwan and to producing documents in possession of corporate entities not subject to the service of the subpoena. Mr. Kim has admitted that he has responsive documents to the subpoena. (Ex. 5). Even if the responsive documents are in locations other than in Oregon, Mr. Kim cites no evidence that it would be unduly burdensome for him to produce them. Mr. Kim is the sole owner of Finn Tech's entities in the U.S., Taiwan, Hong Kong, and Korea (Ex. 5, p. 12-13), and therefore has control of Finn Tech's documents, no matter where they are located. Further, service of the subpoenas on Mr. Kim is also effective service on Finn Tech Taiwan and his other business entities. *See In re Motorsports Merchandise Antitrust Litig.*, 186 F.R.D. 344, 348 (W.D. Va. 1999) (holding that proper service of a corporation under F.R.C.P. 45

Page 8 -　MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DANIEL KIM TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

may be effected by service upon an officer of the corporation under Rule 4). Moreover, under the plain language of Rule 4(h), a foreign corporation may be served by serving an officer of the corporation. Therefore, Finn Tech Taiwan and Finn Tech's other foreign entities are subject to the subpoenas served on Daniel Kim. Mr. Kim should not be permitted to play a shell game and withhold responsive documents simply by stating that they are under the control of foreign companies, especially when he is the president and owner of the companies. Moreover, the ease with which documents are scanned, e-mailed, faxed, or mailed leaves little excuse as to burden.

## V. Conclusion

Mr. Kim has refused to cooperate with Plaintiffs' reasonable requests for information for some time. Because Nike is unwilling to compel its vendor to cooperate with Plaintiffs' requests for information about the accused methods, McDavid and Stirling have little option but to pursue the information from Mr. Kim directly. Without this information, prosecuting Plaintiffs' infringement case against Nike will be unnecessarily difficult and expensive. Thus, to prevent unfair prejudice against McDavid and Stirling, this Court should grant Plaintiffs' motion to compel Daniel Kim within two weeks of this court's order to produce the documents requested

Page 9 -　MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DANIEL KIM TO PRODUCE
DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

and to appear for a deposition as commanded by the two subpoenas duly served on him.

Dated this 19th day of June, 2009.

        Respectfully submitted,

        Schwabe, Williamson & Wyatt, P.C.

By: _____
        Christopher J. Lewis, OSB #003079
        Devon Zastrow Newman, OSB #014627
        SCHWABE, WILLIAMSON & WYATT
        1211 SW 5th Ave, Suite 1900
        Portland, OR 97204
        Telephone:   503-222-9981
        Facsimile:    503-796-2900

        Karl R. Fink
        John F. Flannery
        Paul B. Henkelmann
        Fitch, Even, Tabin & Flannery
        120 South LaSalle Street, Suite 1600
        Chicago, Illinois 60603
        Telephone:   312-577-7000
        Facsimile:    312-577-7007
            *Attorneys for Plaintiffs McDavid*
            *Knee Guard, Inc. and Stirling*
            *Mouldings Limited*

Page 10 -   MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DANIEL KIM TO PRODUCE
DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2009, I served the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DANIEL KIM TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION on the following persons:

Bub-Joo S. Lee
bjslee@leeanavchung.com
Stephanie S. Bang
stephaniesbang@leeanavchung.com
LEE ANAV CHUNG LLP
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013

John M. McCormack
john@khpatent.com
Thomas J. Romano
tromano@khpatent.com
KOLISCH HARTWELL, P.C.
520 SW Yamhill Street, Suite 200
Portland, OR 97204

*Attorneys for Daniel Kim*

by email and first class mail.

_____
Devon Zastrow Newman

Page 11 -   MEMORANDUM IN SUPPORT OF PLAINTIFFS'
            MOTION TO COMPEL DANIEL KIM TO PRODUCE
            DOCUMENTS AND APPEAR FOR A DEPOSITION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

PDX/116466/151890/CJL/4826225.1