**Brenna K. Legaard**, OSB No. 00165
E-mail: brenna@chernofflaw.com
**CHERNOFF, VILHAUER, McCLUNG & STENZEL, LLP**
601 SW Second Avenue, Suite 1600
Portland, OR  97204
Telephone:  (503) 227-5631
FAX:  (503) 228-4373

      Attorneys for Defendant Nike USA, Inc. and
      Third-Party Subpoena Recipient Daniel Kim


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **McDAVID KNEE GUARD, INC.**, an Illinois corporation, and **STIRLING MOULDINGS LIMITED**, | Misc. Case No. 09-mc-09145 |
|                   Plaintiffs, | **DEFENDANT NIKE USA, INC.'S AND NON-PARTY DANIEL KIM'S JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DANIEL KIM TO PRODUCE DOCUMENTS AND APPEAR FOR A DEPOSITION** |
|     v. | |
| **NIKE USA, INC.**, an Oregon corporation, | |
|                   Defendant. | |
| In re Third-Party Subpoena Issued to Daniel Kim, in | |
| McDAVID KNEE GUARD, INC., an Illinois corporation, and STIRLING MOULDINGS LIMITED, Plaintiffs, | |
|                 v. | |
| NIKE USA, INC., an Oregon corporation, | Civil Case in US District Court, Northern District of Illinois, No. 08-CV-6584 |
|                 Defendant. | |
| | **PATENT CASE** |

JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

## TABLE OF CONTENTS

I.    FACTUAL BACKGROUND ...................................................................... 1

II.   THE COURT SHOULD DENY PLAINTIFFS'S MOTION TO COMPEL
      BECAUSE THEY ALREADY OBTAINED THE DISCOVERY THEY SEEK
      FROM MR. KIM ................................................................................... 5

      A.    Mr. Kim Already Testified About the Process Described in His
            Declaration In Support of Nike's Claim Construction Brief ................................. 6

      B.    Mr. Kim Already Testified About the Process Used Before December 25,
            2008 and Explained That He Has No Documents Describing That Process .......... 6

      C.    Mr. Kim Already Testified About the Process Observed During Plaintiffs'
            Inspection of Finn Tech's Taiwan Facility ........................................................ 7

III.  PLAINTIFFS FAILED TO PROPERLY SERVE THE UNDERLYING
      SUBPOENA ON MR. KIM ................................................................... 8

IV.   PLAINTIFFS FAILED TO COMPLY WITH RULE 37 ............................................. 10

V.    CONCLUSION ...................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*CF & I Steel Corp. v. Mitsui & Co. (U.S.A.).*,
    713 F.2d 494 (9th Cir. 1983) ....................................... 9

*Graebner v. James River Corp.*,
    130 F.R.D. 440 (N.D. Cal. 1989) ................................... 7

*In re Dennis*,
    330 F.3d 696 (5th Cir. 2003) ....................................... 9

*In Re Smith*,
    126 F.R.D. 461, 462 (E.D.N.Y. 1989) ............................ 8

*Indem. Ins. Co. of N. Am.v. Am. Eurocopter LLC*,
    227 F.R.D. 421 (M.D.N.C. 2005) .................................. 5

*Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*,
    211 F.R.D. 685 (N.D. Ga. 2002) ................................... 8

*Le Blanc v. Broyhill*,
    123 F.R.D. 527 (W.D.N.C. 1988) .................................. 7

*Lohmann & Rauscher, Inc. v. YKK, (U.S.A.) Inc.*,
    No. 05-2369-JWL-GLR, 2006, U.S. Dist. LEXIS 82721 (D. Kan. Nov. 13, 2006) ......... 5

*SAJ Distribs., Inc. v. Sandoz, Inc.*, No. 08-1866(JAP),
    008 U.S. Dist. LEXIS 50361 (D. N.J. June 26, 2008) ................................. 6, 7

*SEC v. Sandifur*, Case No. C05-1631C,
    2006 U.S. Dist. LEXIS 89428 (W.D. Wash. Dec. 11, 2006) ......................... 10

*Swift Bros. v. Swift & Sons, Inc.*,
    Civ. No.89-5253, 1992 U.S. Dist. LEXIS 12039 (E.D. Pa. Aug. 11, 1992) .................... 7

## STATUTES

28 U.S.C § 1783 .................................................................. 10

35 U.S.C. §271(g) ................................................................ 2

Fed. R. Civ. P. 26(b) ............................................................ 5

Fed. R. Civ. P. 37(a)(1) ......................................................... 10

DM_US:22252756_1

Fed. R. Civ. P. 45 ........................................................................................... 8, 9

Walsh Act, 28 U.S.C § 1783.............................................................................. 10

## OTHER AUTHORITIES

Wright & Miller, 8 Federal Practice and Procedure § 2037, pp. 272-73...................................... 8

Wright & Miller, Federal Practice and Procedure:
    Civil 3d § 2454 (2009) ................................................................................. 9

The Court should deny Plaintiffs' motion to compel Daniel Kim, a resident of Korea and a non-party to this action, to appear for a second deposition in this action and produce documents that they only speculate exist in Taiwan and Korea. Plaintiffs already had a full and fair opportunity to depose Mr. Kim regarding all of the processes he used and uses to manufacture padding that Defendant Nike USA, Inc. includes in its accused products when they deposed Mr. Kim on March 17, 2009. Plaintiffs closed that deposition without reservation or complaint.

Further, at the time of his deposition, Mr. Kim produced all of the documents that exist regarding the processes used to manufacture the padding Nike includes in its products. Mr. Kim then gave Plaintiffs complete access to his production facility in Taiwan so that Plaintiffs could conduct a video inspection of the current process on April 15, 2009—without requiring Plaintiffs to follow foreign discovery formalities, thereby saving them considerable time and expense.

Plaintiffs were apparently so confident in the discovery they obtained that on May 28, 2009, they filed a comprehensive motion for preliminary injunction. Nike immediately thereafter deposed their expert witness and their inventor. Both witnesses made admissions that seriously undermine Plaintiffs' infringement case. Only after these depositions, and after Nike filed its claim construction brief highlighting the admissions made by Plaintiffs' witnesses, did Plaintiffs bring the present motion to compel—without meeting and conferring with Mr. Kim's counsel or even serving Nike with a copy of the motion.

None of Plaintiffs' arguments warrant the broad relief they seek. Nike and Mr. Kim respectfully ask this Court to deny Plaintiffs' Motion to Compel. Plaintiffs already had the opportunity to depose Mr. Kim, obtained all documents that exist regarding the old process, and have shown no reason why their tactical decision to depose Mr. Kim before they toured Finn Tech's plant should be rewarded with another bite at the deposition apple.

## I.        FACTUAL BACKGROUND

Plaintiffs accuse Nike's Pro Combat athletic garments of infringing U.S. Patent No. 6,743,325 ("the '325 patent"), because they incorporate foam pads that Plaintiffs erroneously

assert were made using the method covered by the '325 patent. There is no claim that the pads themselves infringe the '325 patent; the only issue is whether the manufacturing process used to make the pads is infringing.

Nike does not manufacture the foam pads in its Nike Pro Combat athletic garments. Instead, third-party Finn Technologies Holdings Ltd. ("Finn Tech"), a Hong Kong company, manufactures the padding in Taiwan. Another third party sews the padding into garments before supplying the garments Nike. Plaintiffs therefore allege that Nike infringes the '325 patent indirectly under 35 U.S.C. §271(g). That is, Plaintiffs allege that Nike imports into the United States a product which is made by a process patented in the United States. *See* 35 U.S.C. §271(g).

Daniel Kim, a legal resident of Korea, manages several U.S. and foreign companies. Declaration of Daniel Kim In Support of Nike's and Daniel Kim's Joint Response ("Daniel Kim Decl."), ¶ 1; *see also* Ex. A to the Declaration of Russell B. Hill In Support of Nike's and Daniel Kim's Joint Response ("Hill Decl.") (Kim Tr. at 146:22-147:5). Finn Tech, Inc., is a U.S. company located in Portland, Oregon that handles billing and consulting for its U.S.-based clients. Ex. A to Hill Decl. (Kim Tr. at 13:12-14, 14:15-20). Finn Tech Co., Ltd., is located in Pusan, Korea, where Mr. Kim resides, and handles research, development, and prototyping. *See id*. at 12:15-17, 19:12-14, and 146:22-147:5. In addition, Finn Technologies Holdings, Ltd. is a Hong Kong based company with a facility in Taiwan where the pads for the Nike garments are made. *See* Kim Decl. at ¶ 1; Ex. A to Hill Decl. (Kim Tr. at 14:2-3, 9-11; 18:20-19:11). Finn Tech Co., Ltd. and Finn Technologies Holdings, Ltd. make a variety of products other than the foam pads at issue in this action.

On February 2, 2009, the Illinois Court issued an Order setting the dates for Plaintiffs to set forth their initial infringement contentions and for Nike to respond. *See* Ex. B to Hill Decl. (February 2, 2009 Order). On February 23, 2009 Plaintiffs served Nike with their initial infringement contentions (*Id.* at Ex. C) and on March 23, 2009, Nike served Plaintiffs with its rebuttal to Plaintiffs' infringement contentions. *Id.* at Ex. D. In its rebuttal, Nike identified the

PAGE 2 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

only commercial production process used to make the foam pads, which has been used by Finn Tech since December 25, 2008. *See id*. at 1.

Furthermore, Nike directed Plaintiffs to specific documents setting forth Finn Tech's post-December 25, 2008 process, and to a video made by Finn Tech showing Finn Tech's post-December 25, 2008 process, all of which had been produced to Plaintiffs. *See id*. This is the only process that has been used by Finn Tech since December 25, 2008. *Id*. at Ex. E (Declaration of Daniel Kim In Support of Nike's Opening Claim Construction Brief) at ¶ 5).

Plaintiffs then issued a subpoena for U.S.-based Finn Tech, Inc., an unnamed third-party to this case. Plaintiffs also attempted but failed to serve an individual subpoena on the president of Finn Tech, Inc., Daniel Kim. The record indicates that instead of serving Mr. Kim personally, Plaintiffs left the subpoena with the owner of the home where Mr. Kim's wife resides. Ex. 3 to Declaration of Devon Zastrow Newman in Support of Plaintiffs' Motion to Compel Daniel Kim to Produce Documents and Appear for a Deposition ("Newman Decl."); Daniel Kim Decl. at ¶¶ 3-4. On March 17, 2009, Mr. Kim, a resident of Korea, appeared for deposition in Portland, Oregon as president of Finn Tech, Inc. Declaration of Bub-Joo Lee In Support of Nike's and Daniel Kim's Joint Response ("Lee Decl.") at ¶ 3; Daniel Kim Decl. at ¶ 5.

In conjunction with this deposition, Finn Tech, Inc. also produced a number of documents in response to Plaintiffs' subpoena directed to Finn Tech, Inc. Lee Decl. at ¶ 4. Plaintiffs' counsel extensively questioned Mr. Kim about the video that shows the post-December 25, 2008 process. Ex. A to Hill Decl. (Kim Tr. at 101:17-119:11, 149:5-154:8). Mr. Kim confirmed that the video was an accurate representation of the Finn Tech process and answered all questions directed to him regarding that process, as well as the process that was used before December 25, 2008. *Id*.; *see also id*. at 79:15-81:18, 81:22-82:25, 150:6-13.

Mr. Kim also explained that there are no documents – in his personal possession or in the possession of Finn Tech, Inc. or that of any foreign company– regarding the pre-December 25, 2008 process. *Id*. at 80:24-81:21. At the conclusion of Mr. Kim's deposition, Plaintiffs' counsel handed him a subpoena to appear and produce documents in his individual capacity, and to

PAGE 3 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

permit the physical inspection of Finn Tech's Taiwan factory.  Plaintiffs' counsel, however, failed to tender the statutory witness fee with the subpoena.  Lee Decl. at ¶ 4.

On April 15, 2009, Finn Tech permitted Plaintiffs' counsel to personally inspect its manufacturing facility in Taiwan without requiring Plaintiffs to formally request discovery through the Hague Convention.  *Id.* at ¶ 6.  During the inspection, Plaintiffs' counsel viewed the post-December 25, 2008 process being used in Finn Tech's production line, and Plaintiffs' counsel videotaped the process.  *Id.*  Plaintiffs made no further attempts to seek discovery from Mr. Kim.  In fact, service of the present Motion is the only contact Mr. Kim's counsel has had with Plaintiffs on the subpoenas since the April 15, 2009 inspection.  *See* Lee Decl. at ¶ 7.

Pursuant to the Court's February 2, 2009 Order, Nike filed its Opening Claim Construction Brief ("Nike Claim Construction Brief") on June 15, 2009.  *See* Plaintiffs' Memorandum at 3.  In support of its Claim Construction Brief, Nike filed a Declaration from Mr. Kim, explaining the process Finn Tech has used to manufacture foam pads since December 25, 2008.  This is the very same process about which Mr. Kim previously testified, a description of which was provided to Plaintiffs over five months ago.  Ex. E to Hill Decl. (Declaration of Daniel Kim In Support of Nike's Opening Claim Construction Brief).  Mr. Kim's Declaration included screen shots of another video produced by Nike, also showing the post-December 25, 2008 process that Mr. Kim testified about during his deposition and that Plaintiffs saw during their inspection of Finn Tech.  *Id.*  None of the statements in Mr. Kim's declaration regarding the post-December 25, 2008 process contradict his prior deposition testimony, or change any of the steps of the process that Plaintiffs inspected at Finn Tech factory in Taiwan.

Although Mr. Kim is a Korean resident, he was present in Portland, Oregon, during the time he signed his declaration and correctly stated his location at the time of signing.  *Id.*  Mr. Kim has since returned to Asia.  Lee Decl. at ¶ 8.

After requesting and receiving extensive discovery from Finn Tech and Mr. Kim, McDavid filed on May 28, 2009 a motion for preliminary injunction in the District Court for the Northern District of Illinois on May 28, 2009, where the underlying suit on the merits of this

PAGE 4 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

case is currently pending.  McDavid's motion seeks to enjoin Nike from, among several things, selling its Nike Pro Combat products in the United States.  In support of its motion, McDavid filed the declarations of three individuals: named inventor David Taylor Stirling, expert Glen Beall and plaintiffs' employee, Terrence Fee.  Nike deposed each declarant, and through questioning exposed a number of fatal weaknesses in McDavid's arguments in support of its motion for preliminary injunction.  Only after Nike deposed these individuals did McDavid actively seek to compel additional testimony from Mr. Kim before this Court.  The hearing on McDavid's preliminary injunction is set for August 12, 2009.

**II.     THE COURT SHOULD DENY PLAINTIFFS'S MOTION TO COMPEL BECAUSE THEY ALREADY OBTAINED THE DISCOVERY THEY SEEK FROM MR. KIM**

The Court should deny Plaintiffs' motion to compel because it is premised on a desire to unfairly re-depose Mr. Kim regarding a process that Plaintiffs already inspected in person, and about which Mr. Kim already testified.  The documents Plaintiffs seek already were produced or they do not exist.  In short, Plaintiffs' motion unfairly seeks duplicative discovery and is otherwise unduly burdensome on Mr. Kim, a non-party to this action.  The Court should "give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance."  *Lohmann & Rauscher, Inc. v. YKK, (U.S.A.) Inc.*, No. 05-2369-JWL-GLR, 2006, U.S. Dist. LEXIS 82721, at **7-8 (D. Kan. Nov. 13, 2006) (quoting *Indem. Ins. Co. of N. Am.v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005).  .

As a non-party and as a resident of Korea, it would be very burdensome for Mr. Kim to reappear for deposition here.  Because Mr. Kim already appeared for deposition and produced the documents Plaintiffs purport to seek, the Court should deny Plaintiffs' motion.  *See* Fed. R. Civ. P. 26(b) (acknowledging that a court may limit discovery if it determines that the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive.").

PAGE 5 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

**A.    Mr. Kim Already Testified About the Process Described in His Declaration In Support of Nike's Claim Construction Brief**

Plaintiffs erroneously assert that an additional deposition of Mr. Kim is justified because "Plaintiffs have not had the opportunity to depose Daniel Kim on the subject of statements made in his declaration." Plaintiffs' Memorandum at p. 4. First, setting aside the factual inaccuracies of this statement, Plaintiffs are arguing that they should be permitted to depose a declarant every time he files a new declaration. If that were permitted, declarants would be subjected to numerous depositions, and discovery would never end. *See SAJ Distribs., Inc. v. Sandoz, Inc.*, No. 08-1866(JAP), 2008 U.S. Dist. LEXIS 50361, at *8 (D. N.J. June 26, 2008) ("discovery is not a never-ending proposition."). Plaintiffs' decision to depose Mr. Kim before visiting his plant and claim construction briefing was strategic,  and should not result in an additional burden on Mr. Kim.

Second, Plaintiffs completely ignore the fact that Mr. Kim's declaration is limited to an explanation of the post-December 25, 2008 process. This is the same process Mr. Kim already testified about at length during his March deposition. Exs. A & E to Hill Decl. (Kim Tr. at 102:10-120:25, 149:5-154:8); (Declaration of Daniel Kim In Support of Nike's Opening Claim Construction Brief at ¶ 5). Indeed, during his deposition Mr. Kim testified that the process described in the documents and video that Nike directed Plaintiffs to in its rebuttal to Plaintiffs' infringement contentions explain and depict the same process that Finn Tech currently uses. *Id.* at Ex. A (Kim Tr. at 149:25-150:13). And this is the same process described by Mr. Kim in his declaration in support of Nike's claim construction brief. *See id.* at Ex. E (Declaration of Daniel Kim In Support of Nike's Opening Claim Construction Brief at ¶ 5). Accordingly, the Court should deny Plaintiffs' motion to depose Mr. Kim regarding this manufacturing process.

**B.    Mr. Kim Already Testified About the Process Used Before December 25, 2008 and Explained That He Has No Documents Describing That Process**

Plaintiffs' suggestion that they have not had an opportunity to depose Mr. Kim regarding the process used before December 25, 2008 is factually incorrect. During his deposition, Mr.

Kim answered all questions directed to him regarding the process used before December 25, 2008. *See id*. at Ex. A (Kim Tr. at 79:15-81:18, 81:22-82:25). Furthermore, Mr. Kim testified that he did not have any documents that show that process. *Id*. at 81:19-21. He further confirmed this in his declaration in support of Nike's opening claim construction brief. *Id* at Ex. E (Declaration of Daniel Kim In Support of Nike's Opening Claim Construction Brief at ¶ 21); *see SAJ Distribs., Inc.*, 2008 U.S. Dist. LEXIS 50361, at * 6 ("To require a non-party to search for additional documents that it has certified do not exist is an undue burden that would result in the waste of counsels' resources, and, more importantly, a waste of the client's funds."). Because Plaintiffs' motion will not result in the production of additional documents concerning the process used before December 25, 2008, thus, Plaintiffs have shown no reason to force Mr. Kim to travel back to this country for another deposition on that process.

### C.    Mr. Kim Already Testified About the Process Observed During Plaintiffs' Inspection of Finn Tech's Taiwan Facility

Plaintiffs seek a second swing at Mr. Kim because they now allege a need to "determine and verify" the method(s) used to make Nike's pads. Plaintiffs' Memorandum at p. 4. Yet, Plaintiffs made a tactical decision as part of their litigation strategy to take the deposition of Mr. Kim on March 17, 2009, rather than at some time later in the case. A litigant's strategic decisions during the course of a lawsuit do not typically warrant re-deposing a witness. *See Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) (noting limited circumstances for repeating depositions including, long passage of time with new evidence and new theories added to complaint). Indeed, "repeat depositions are disfavored." *Id.* And, when circumstances do warrant repeating a deposition, courts frequently impose limitations on the taking party to prevent the second deposition from covering the same ground as the first. *See e.g.*, *Le Blanc v. Broyhill*, 123 F.R.D. 527, 529 (W.D.N.C. 1988) (issuing protective order preventing second deposition from, among other things, repeating questions raised during prior deposition); *see also Swift Bros. v. Swift & Sons, Inc.*, Civ. No.89-5253, 1992 U.S. Dist. LEXIS 12039, at * 3 (E.D. Pa. Aug. 11, 1992) (noting protective order may be granted when

PAGE 7 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

"information sought has already been obtained by prior depositions") (citing Wright & Miller, 8 Federal Practice and Procedure § 2037, pp. 272-73).

Here, plaintiffs make no showing of any changed circumstances warranting a second deposition – among other things, no new theories have been added to Nike's claims, and the case itself is only eight months old. Further, as explained above, a second deposition would not reveal any different information beyond that which Mr. Kim already testified to at his prior deposition. As a result, Plaintiffs have not—and cannot—set forth a compelling reason as to why Mr. Kim should be burdened with a second deposition. There is no basis for a second deposition, let alone sufficient basis to force a resident of Korea to search for documents in Korea and Taiwan, and then fly to Portland, Oregon, for a second deposition. Accordingly, the Court should deny Plaintiffs' motion.

## III.    PLAINTIFFS FAILED TO PROPERLY SERVE THE UNDERLYING SUBPOENA ON MR. KIM

In addition to its lack of merit, the Court should reject Plaintiffs' motion and the underlying subpoena for failure to comply with the Federal Rules of Civil Procedure. Specifically, Plaintiffs failed twice to properly serve on Mr. Kim a third-party subpoena pursuant to Fed. R. Civ. P. 45 ("Rule 45"). In the first instance, rather than serving Mr. Kim personally, they delivered the subpoena to the house in which Mr. Kim's wife resides in Portland, Oregon. Daniel Kim Decl. at ¶¶ 3-4. Indeed, Plaintiffs' affidavit of service indicates that a copy of the subpoena was delivered to "Kyung Kim." This is not Mr. Kim's wife, but rather the landlord for the property in which she lives. *Id.* at ¶ 3. For service of a Rule 45 subpoena to be deemed proper, the subpoena *must* be served directly on the individual being summoned, and that service at the individual's residence does not constitute proper service. *See In Re Smith*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989) ("Nowhere in Rule 45 is the Court given discretion to permit alternate service in troublesome cases."); *see also Klockner Namasco Holdings Corp. v. Daily Access.com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) ("[S]ervice on [third party's] wife at their residence did not satisfy the requirements of Rule 45 because [the third party] himself was not

PAGE 8 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

personally served.").  Indeed, Wright & Miller, Federal Practice and Procedure: Civil 3d § 2454

(2009) provides:

> The longstanding interpretation of Rule 45 has been that personal
> service of subpoenas is required. The use of the word 'delivering'
> in subdivision (b)(1) of the rule with reference to the person to be
> served has been construed literally.  Under this construction,
> contrary to the practice with regard to the service of a summons
> and complaint, it is not sufficient to leave a copy of the subpoena
> at the dwelling place of the witness.

Thus, Plaintiffs' delivery of the subpoena to the house where Mr. Kim's wife resides did not

constitute proper service on Mr. Kim.  Nor does Plaintiffs' argument that they served Mr. Kim

by leaving a copy at his "abode" or "residence" hold water as it is undisputed that Mr. Kim is a

resident of Korea.  Daniel Kim Decl. at ¶1; Ex. A to Hill Decl. (Kim Tr. at 146:22-147:5).

        The second subpoena, personally delivered to Mr. Kim at his deposition in Portland,

Oregon, also lacked proper service, because Plaintiffs did not tender the required witness fee

simultaneously with the subpoena.  This is a fatal flaw.  *CF & I Steel Corp. v. Mitsui & Co.*

*(U.S.A.).*, 713 F.2d 494, 496 (9th Cir. 1983) (upholding district court's ruling quashing Rule 45

subpoena for failure to tender witness fee; "we hold the plain meaning of Rule 45(c) requires

simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law

with service of a subpoena.").  Plaintiffs admit they did not include the proper witness fee along

with the second subpoena, and as such concede improper service of the second subpoena.

Plaintiffs' Memorandum at p. 8; *In re Dennis*, 330 F.3d 696, 704-705 (5th Cir. 2003) (subpoena

properly quashed, where the subpoenaing party failed to tender the mileage allowance; although

"the allowance would have been less than five dollars" because the witness "lived just a few

miles from the deposition site… rule 45(b)(1) contains no *de minimis* exception").

        To the extent Plaintiffs' two subpoenas and pending motion to compel seek documents

and information from the Taiwan-based Finn Technologies Holdings, Inc., Plaintiffs' did not

even attempt to follow the appropriate mechanisms for obtaining discovery from a foreign

corporation, or even bother to name that entity on any of the deficiently-served subpoenas.

Neither subpoena, the first one delivered to the residence of Mr. Kim's wife, nor the second one

PAGE 9 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

given to Mr. Kim during his deposition in Oregon, were directed to Finn Technologies Holdings, Inc. Lee Decl. ¶ 9. Even if a foreign corporation could be properly served *via* service to an individual, the subpoena, at a minimum, should properly name the foreign corporation being summoned. Plaintiff, however, simply failed to name the proper non-U.S. entity, and therefore, cannot now rightfully compel information/testimony from an unnamed, unserved third party.

Moreover, the Walsh Act, 28 U.S.C § 1783, and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("the Hague Convention") each provide proper mechanisms for Plaintiffs to seek discovery from a foreign corporation. *See SEC v. Sandifur*, Case No. C05-1631C, 2006 U.S. Dist. LEXIS 89428, at **12-14 (W.D. Wash. Dec. 11, 2006) (discussing 28 U.S.C § 1783 and the Hague Convention as procedure for obtaining discovery overseas). Plaintiffs made no effort to employ either of these procedures to obtain discovery from Finn Tech in Taiwan.

## IV.    PLAINTIFFS FAILED TO COMPLY WITH RULE 37

Not only were Plaintiffs' subpoenas improperly served, Plaintiffs also failed in two ways to follow the procedure required by Rule 37 for this motion to compel. First, Plaintiffs never properly met and conferred with Mr. Kim's counsel. In fact, service of the present Motion is the only contact Mr. Kim's counsel has had with Plaintiffs regarding the subpoenas since the April 15, 2009 inspection. *See* Lee Decl. at ¶ 7. Thus, the Court should reject Plaintiffs' motion for failure to confer or attempt to confer in good faith. Fed. R. Civ. P. 37(a)(1).

Second, as of the date of this joint opposition, Plaintiffs never served Nike with a copy of their motion to compel as required by Fed. R. Civ. P. 37(a)(1). Rather, Nike was made aware of Plaintiffs' motion to compel when it received a copy from Mr. Kim's counsel. Thus, in addition to the lack of merit and the lack of proper service of the underlying subpoena, the Court should reject Plaintiffs' motion to compel for failing to comply with Rule 37.

PAGE 10 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

## V.     CONCLUSION

For the foregoing reasons, Nike and Mr. Kim respectfully request that this Court deny Plaintiffs' Motion to Compel Daniel Kim to Produce Documents and Appear for a Deposition.

DATED:  July 2, 2009                                Respectfully submitted,


_____*/s/ Brenna Legaard*_____
Brenna Legaard, OSB No. 00165
CHERNOFF, VILHAUER, MCCLUNG &
STENZEL, LLP
601 SW 2nd Ave
1600 ODS Tower
Portland, Oregon 97204
Phone Number: 503-227-5631
Fax Number: 503-228-4373

*Of Attorneys for Defendant Nike USA, Inc.*
*and Third-Party Subpoena Recipient Daniel*
*Kim*

DATED:  July 2, 2009                                    Respectfully submitted,


                                                                /s/ Bub-Joo Lee
                                                        Bub-Joo Lee, Esq. (Cal. SBN 159002)
                                                        bjslee@leeanavchung.com
                                                        Stephanie S. Bang
                                                        stephaniesbang@leeanavchung.com
                                                        LEE ANAV CHUNG LLP
                                                        555 West 5th Street, 31st Floor
                                                        Los Angeles, CA 90013
                                                        Telephone:  (213) 341-1602
                                                        Facsimile:  (213) 559-0829

                                                        *Attorneys for the Third Party Subpoena
                                                        Recipient Daniel Kim*


DATED:  July 2, 2009                                    Respectfully submitted,


                                                                /s/ Alyson G. Barker
                                                        William C. Rooklidge (*Pro Hac Vice*)
                                                        rooklidgew@howrey.com
                                                        Russell B. Hill (*Pro Hac Vice*)
                                                        hillr@howrey.com
                                                        Alyson G. Barker (*Pro Hac Vice*)
                                                        barkera@howrey.com
                                                        HOWREY LLP
                                                        4 Park Plaza, Suite 1700
                                                        Irvine, CA 92614-8557
                                                        Telephone: 949/721-6900
                                                        Facsimile: 949/721-6910

                                                        *Attorneys for Defendant Nike USA, Inc.*


PAGE 12 - JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DM_US:22252756_1